UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL CASTETTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.  1:17-cv-227 |
| v. | ) |
| | ) |
| DOLGENCORP, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES – WITH JURY DEMAND

Plaintiff, by counsel, for his Complaint against Dolgencorp, LLC, states as follows:

## JURISDICTION AND VENUE

1. This suit is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325.

2. All acts alleged herein were committed within the Northern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Carl Castetter ("Castetter") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Allen County, Indiana.

4. Castetter was an "employee" of Dolgencorp, LLC, within the meaning of American with Disabilities Act (ADA), 42 U.S.C. § 12111(4).

5. Defendant Dolgencorp, LLC, conducts business within the territorial jurisdiction of this Court from a number of retail outlets in Allen County, Indiana.

1

6. Dolgencorp, LLC, is an "employer" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12111(5).

**CASTETTER'S EMPLOYMENT WITH DEFENDANT AND MEDICAL TREATMENT**

7. Plaintiff Carl Castetter began working for the Defendant as a District Manager in September 2013.

8. On January 30, 2014, Castetter was diagnosed with colon cancer.

9. Castetter notified Defendant of his diagnosis and immediately went on medical leave.

10. In February 2014, doctors discovered that Castetter's cancer had spread to his liver. He remained on medical leave.

11. On May 27, 2014, Castetter underwent a colectomy and liver resection surgery.

12. From May 27, 2014 through July 11, 2014, Castetter remained hospitalized due to complications from the surgery.

13. On August 7, 2014, Castetter obtained an authorization from his surgeon to return to work, and he terminated his medical leave and returned to work in his position as District Manager.

14. On January 28, 2015, a biopsy revealed cancer in Castetter's liver. Castetter was prescribed radiation therapy to treat the cancer, and he continued to work.

15. On March 15, 2015, Castetter was hospitalized for abdominal pain related to gangrenous cholecystitis, and his gall bladder was removed. This surgery delayed the radiation treatments for the liver cancer.

16. In March 2015, Castetter was asked by Defendant to go on medical leave but instead elected to cover the absence due to the gall bladder surgery with vacation time.

17.     Beginning in April 2015, Castetter began to receive regular radiation treatments which did not interrupt his employment because he attended the treatments on his own time.

18.     Because of his disability, Castetter's supervisors regularly harassed him.

19.     Castetter's supervisor, Mark Hubbs indicated to Castetter that he wished Castetter would quit. Hubbs also indicated that people with serious cancer, like Castetter, usually did not "make it."

20.     In February 2016, Castetter received a clean bill of health from his cancer doctors.

21.     Castetter informed Hubbs that the cancer was gone. Hubbs failed to congratulate him, saying only, "So, that's it?"

22.     Castetter informed Hubbs that he was still under surveillance and would be subject to regular testing, every three to four months and would require an additional procedure.

23.     Hubbs terminated Castetter three months later, on May 4, 2016, for a pretextual reason.

## ADMINISTRATIVE PROCEDURES

24.     On October 19, 2016, Castetter filed a charge of discrimination with the Equal Employment Opportunity Commission.

25.     On February 27, 2017, the EEOC issued Castetter a Notice of Right to Sue.

26.     Castetter has ninety (90) days from the receipt of the Notice of Right to Sue to file a Complaint based on the conduct described in the charge, which time has not passed.

## COUNT I – DISABILITY DISCRIMINATION

27.     Plaintiff incorporates by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

28. The reason Castetter was given for his termination was a pretext for the Defendant's decision to terminate Castetter because of his disability, perceived disability, and/or his record of disability.

29. By terminating Castetter, Defendant discriminated against him on the basis of disability, perceived disability, and/or his record of disability.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the judgment of this Court against Defendant, Dolgencorp, LLC, providing the following relief:

A. A permanent injunction enjoining Dolgencorp, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participating with it, from discriminating against and harassing employees because of their disability.

B. An award of back pay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Plaintiff's termination from employment with the Defendant.

C. Compensatory and punitive damages in an amount to be determined by a jury to compensate Plaintiff for the emotional distress and mental anguish that he has suffered because of Defendant's discriminatory conduct and to deter Defendant and other employers from engaging in discriminatory conduct in the future.

D. An order directing the Defendant to reinstate the Plaintiff.

E. In the event the Court determines that it would be inappropriate to direct the reinstatement of the Plaintiff as an employee of the Defendant, an award of front pay and damages to compensate the Plaintiff for the losses that he reasonably will sustain as the result of being denied continued employment with the Defendant.

F. An award of reasonable attorneys' fees and costs.

G. Such further relief as the Court deems necessary and proper in the public interest.

Respectfully submitted,

**MACEY SWANSON LLP**


_____/s/ Jeffrey Macey_____
Jeffrey A. Macey, Atty No. 28378-49

**MACEY SWANSON LLP**
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Phone: (317) 637-2345
Facsimile: (317) 637-2369
jmacey@maceylaw.com

## **JURY DEMAND**

Now comes the Plaintiff, by counsel, and demand that this cause be tried to a jury on all issues so triable.

>Respectfully submitted,
>
>**MACEY SWANSON LLP**
>
>
>_____/s/ Jeffrey Macey
>Jeffrey A. Macey, Atty No. 28378-49

**MACEY SWANSON LLP**
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Phone: (317) 637-2345
Facsimile: (317) 637-2369
jmacey@maceylaw.com